The Honorable F. Courtney Sheppard State Representative P.O. Box 1132 El Dorado, AR 71731-1132
Dear Representative Sheppard:
You have requested an Attorney General opinion concerning a "water conservation board."
More specifically, you describe a situation in which an eleven-member water conservation board voted to hire an engineering firm (using public funds, of course), and did so by a vote of five to four. In this situation, the number of members present (9) clearly exceeded the number required to constitute a quorum. Moreover, five votes constituted a majority of those present. Six votes would have constituted a majority of the entire membership of the board.
With regard to this situation, you have asked:
 Should public funds be expended by a majority of the quorum or a majority of the entire membership of a board?
It is my opinion that the expenditure of funds that you have described can be effected by a vote of a majority of a quorum of the board.
It appears that your question may be referring to a board created under the authority of Act 1050 of 1999 (codified at A.C.A. § 15-22-1201 etseq.). This Act authorizes the establishment of "critical groundwater county conservation boards."
The Act does not explicitly address the question you have raised. However, it does grant the board very broad authority to carry out the provisions of the Act. The Act specifically grants the board the power to engage in various acts that implicitly require the expenditure of public funds. For example, the board is empowered to:
(3) acquire, construct and develop any water facilities;
 (4) withdraw, store, transport, treat and distribute water and engage in activities related or appropriate thereto;
 (5) acquire, own, lease and operate any lands, buildings, fixtures, equipment, personalty, and other properties, real, personal or mixed, tangible or intangible, as may be appropriate to its powers and the purposes of this act;
 (6) sell and issue its bonds secured by and payable from its revenues and enter into such trust indentures and other documents and undertakings as may be appropriate thereto, which bonds shall be payable over a period of not to exceed forty (40) years and shall bear interest at an interest rate or rates not to exceed that set forth in Amendment 65 to the Arkansas Constitution, shall be sold for such price and by such method as shall be determined by the board, and which bonds, and interest thereon, shall be exempt from all state, county and municipal taxes;
 (7) apply the proceeds of revenue bonds and sales and use tax bonds issued by the county and municipalities within the county for the acquisition, construction and development of water facilities, as may be agreed to by the county and such municipalities;
* * *
 (10) make any and all contracts necessary or convenient for the exercise of the powers granted in this act, including, without limitation, contracts with other boards and with municipalities and counties;
(12) conduct its affairs within and without this state;
 (13) elect, appoint or employ officers, agents, attorneys, engineers and such other personnel as it shall deem necessary, and to fix their compensation, and to establish the use and application of its revenues;
* * *
 (18) exercise all powers necessary and appropriate to accomplish the improvement plan and such other powers as may be set forth in this act or as may be necessary or appropriate to carry out its purposes and the purpose of this act.
A.C.A. § 15-22-1212(a).
In addition to granting the foregoing powers to the board, the Act states:
 (c) The board shall have the power, pursuant to appropriate agreement, to expend and invest the proceeds of bonds and other obligations, whether secured by revenues or taxes or otherwise, issued by the county or by any municipality in the county.
A.C.A. § 15-22-1212(c).
These grants of authority outlined above are stated in the Act without limitation. That is, they state no requirement as to how many votes will be necessary for the board to act in connection with its various powers.
The only statement in the Act related to the issue of how many members may conduct business is contained in A.C.A. § 15-22-1211(g)(1), which states: "A majority of the members of the board shall constitute a quorum for the transaction of business."
In my opinion, this section appears to provide that any business authorized by the Act can be transacted if a quorum of the board is present. Because, as indicated above, so many of the board's authorized acts implicitly involve the expenditure of public funds, I conclude that A.C.A. § 15-22-1211(g)(1) authorizes the board to expend public funds upon the vote of a majority of a quorum of the board.
There are no provisions of state law located elsewhere that would require a vote of the majority of the entire membership of this board in order to expend public funds. Indeed, the Act itself states: "This subchapter is complete in itself and shall be the sole authority necessary to carry out its purposes." It also states: "This subchapter shall be construed liberally." Because the Act purports to be complete in itself, and because it does not contain a requirement that the expenditure of public funds be based upon a vote of a majority of the entire membership of the board, I conclude that the vote of a majority of the entire membership of the board is not necessary in order for the board to expend public funds to employ an engineer. Rather, such an expenditure by the board can be authorized by a vote of a majority of a quorum of the board.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh